Matter of Marcie A.M. v Joseph A.C. (2024 NY Slip Op 00049)

Matter of Marcie A.M. v Joseph A.C.

2024 NY Slip Op 00049

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Docket No. F-45145-15/19A Appeal No. 1358 Case No. 2023-03617 

[*1]In the Matter of Marcie A.M., Petitioner-Respondent,
v
Joseph A.C., Respondent-Appellant.

Law Offices of Joseph R. Miano, White Plains (Joseph R. Miano of counsel), for appellant.
Law Office of Matthew H. Ehrlich, LLP, New York (Matthew H. Ehrlich of counsel), for respondent.

Order, Family Court, New York County (Maria Arias, J.), entered on or about July 14, 2023, which confirmed the findings of the same court (Kevin Mahoney, S.M.), entered on or about September 27, 2021, including that respondent father willfully violated an order of support dated October 30, 2014, and committing him to the New York City Department of Correction for a three-month term of incarceration with a purge amount set at $400,000, unanimously affirmed, without costs.
The father was afforded the opportunity to submit written posttrial summations before Family Court issued its willfulness finding. The father's attorney claims that he was awaiting receipt of a copy of the trial transcripts from the mother's attorney before drafting his summation. However, the record contains no evidence that the father followed up with the mother's attorney regarding the status of the transcripts, sought to obtain the transcripts himself, apprised the court of any difficulty in getting the transcripts, or asked the court for an extension of the June 30, 2021 deadline for submission of written summations.
Family Court heard oral arguments in connection with the father's February 2023 motion to vacate the support magistrate's findings of facts and money judgment, as the father acknowledged during the parties' July 14, 2023 appearance. The Support Magistrate properly concluded that the father's motion was in essence an untimely objection to the Support Magistrate's willfulness finding. Although, as Family Court acknowledged, the parties do not appear to have received the September 2021 orders until in or about June 2022, the father did not make his motion until nearly eight months after receiving the orders.
Although the father contends that Family Court failed to hold a hearing before confirming the Support Magistrate's recommendation and issuing an order of commitment, the record demonstrates that the father never requested any hearing.
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024